# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:　　　　　　　　　　　　　　　　　　　　CHAPTER 13 CASE NO.:

ANDREW L. DANDRIDGE and
PEARLENE DANDRIDGE　　　　　　　　　　　　20-12395-JDW

## TRUSTEE'S OBJECTION TO MOTION TO EXTEND STAY

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, and files this Objection to the Motion to Extend Stay (Dkt. #6) (the "Motion") filed by the Debtors and in support thereof states as follows:

1. Since 2016 the Debtors have filed three (3) petitions for bankruptcy relief, with the previous two cases ending in dismissal for failure to make plan payments and/or provide for the treatment of all secured and priority debts in the plan as required by § 1325(a)(1).[1] The previous case, Case No. 19-14639-JDW was dismissed before the case was confirmed. This is the Debtors' third Chapter 13 filing in four (4) years. The repetitive filing of bankruptcies and the failure to make plan payments and/or provide for the treatment of all secured and priority debts in the plan as required by § 1325(a)(1) is an abuse of the bankruptcy system. The Trustee submits that the current Petition has not been filed in good faith and, therefore, the automatic stay should not be extended.

2. In the event the Court determines that the automatic stay should be extended, the Trustee respectfully requests that the Debtors be made subject to a sixty (60) day drop-dead provision beginning in September 2020, and that, should

---

[1] *In Re Andrew Lee Dandridge and Pearlene Waldrip Dandridge,* Case No. 16-10368-JDW (N.D. Miss.) filed on February 5, 2016, and dismissed on July 22, 2019, and *In Re Andrew Dandridge and Pearlene Dandridge,* Case No. 19-14639-JDW (N.D. Miss.) filed on November 14, 2019, and dismissed on June 1, 2020.

this case be dismissed, the Debtors should be barred from filing a Chapter 13 bankruptcy case in this district or any other district for a period of no less than 180 days.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this response be received and filed and upon a hearing hereon, this Court will enter its order denying the Motion. Alternatively, in the event the Court extends the automatic stay, the Trustee respectfully requests that the Debtors be subject to the strict compliance provisions requested herein. The Trustee also requests other such general and specific relief as to which the Trustee and this bankruptcy estate may be entitled.

Dated: July 31, 2020.

Respectfully submitted,

**LOCKE D. BARKLEY
CHAPTER 13 TRUSTEE**

/s/ W. Jeffrey Collier
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss. 39296
(601) 355-6661
ssmith@barkley13.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: July 31, 2020.

                                      /s/ W. Jeffrey Collier
                                      W. JEFFREY COLLIER